UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SPECIALTY MEDICAL EQUIPMENT, INC., <br><br>    Plaintiff, <br><br> vs. <br><br> UNITEDHEALTH GROUP INCORPORATED, UNITEDHEALTHCARE, UNITED HEALTHCARE SERVICES, INC., and UNITEDHEALTHCARE INSURANCE COMPANY, <br><br>    Defendant. | Civil Action No. <br><br> Honorable <br><br> Macomb County Circuit Court Case No.: 2022-003571-CZ <br><br> Hon. Joseph Toia |
| Robert Dinfdoffer (P72319) <br> **THE HEALTH LAW PARTNERS, P.C.** <br> *Attorneys for Plaintiff* <br> 32000 Northwestern Hwy., Ste 240 <br> Farmington Hills, MI 48334 <br> (248) 996-8510 <br> rdindoffer@thlp.com | Robert Hugh Ellis (P72320) <br> **DYKEMA GOSSETT PLLC** <br> *Attorneys for Defendants* <br> 39577 Woodward Avenue, Suite 300 <br> Bloomfield Hills, MI 48304 <br> (248) 203-0718 <br> rellis@dykema.com |

## NOTICE OF REMOVAL

TO:  Clerk of the Court
     Robert Dindoffer

Pursuant to 28 U.S.C. §§ 1332 and 1441, Defendants UnitedHealth Group Incorporated, UnitedHealthcare, Inc., United Healthcare Services, Inc., and UnitedHealthcare Insurance Company ("Defendants") give notice that this matter is

removed from the Macomb County Circuit Court, State of Michigan, to the United States District Court for the Eastern District of Michigan.  In support of this Notice of Removal, Defendants state as follows:

1. On September 23, 2022, Plaintiff Specialty Medical Equipment, Inc. ("Plaintiff") commenced this action in the Macomb County Circuit Court (the "Circuit Court") by filing a Summons and Complaint with that Court, Case No. 2022-003571-CZ.  (State Court Pleadings, Ex. A.)

2. The attached documents constitute all process, pleadings, and orders received or obtained by Defendants in this action.

3. Defendants were served with a copy of the Summons and Complaint on September 29, 2022.

4. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely.  This removal is filed within 30 days of service of the summons and complaint, and within 30 days of the date the matter was filed.  28 U.S.C. § 1446(b)(2)(c).  As such, the requirements of 28 U.S.C. § 1446(b) have been met.  *See also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) (time for removal calculated from date of formal service of the summons and complaint).

5. A case may be removed to a federal court if it could have been brought in that federal court originally.  28 U.S.C. § 1441(a); *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474-75 (1998).

6.  This Court has diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs, and attorneys' fees.

7.  Plaintiff is a Michigan Corporation with its principal place of business in Shelby Township, Michigan. (Ex. A, Compl. ¶ 1.) For purposes of determining diversity jurisdiction, a corporation is a citizen of two states: (1) its state of incorporation; and (2) the state of its principal place of business. *Freeman v. Unisys Corp.*, 870 F. Supp. 169, 172 (E.D. Mich. 1994) (citing 28 U.S.C. § 1332(c)). Accordingly, Plaintiff is a Michigan citizen for purposes of diversity jurisdiction.

8.  UnitedHealth Group Incorporated is a Delaware Corporation with its principal place of business in Minnetonka, Minnesota. (Ex. B, Entity information.) For purposes of determining diversity jurisdiction, a corporation is a citizen of two states: (1) its state of incorporation; and (2) the state of its principal place of business. *Freeman*, 870 F. Supp. at 172. Accordingly, UnitedHealth Group Incorporated is a Delaware and Minnesota citizen for purposes of diversity jurisdiction.

9.  UnitedHealthcare, Inc. is a Delaware Corporation with its principal place of business in Minnetonka, Minnesota. (Ex. B, Entity information.) For purposes of determining diversity jurisdiction, a corporation is a citizen of two states: (1) its state of incorporation; and (2) the state of its principal place of business.

*Freeman*, 870 F. Supp. at 172. Accordingly, UnitedHealthcare, Inc. is a Delaware and Minnesota citizen for purposes of diversity jurisdiction.

10. United Healthcare Services, Inc. is a Minnesota Corporation with its principal place of business in Minnetonka, Minnesota. (Ex. B, Entity information.) For purposes of determining diversity jurisdiction, a corporation is a citizen of two states: (1) its state of incorporation; and (2) the state of its principal place of business. *Freeman*, 870 F. Supp. at 172. Accordingly, UnitedHealthcare, Inc. is a Minnesota citizen for purposes of diversity jurisdiction.

11. UnitedHealthcare Insurance Company is a Connecticut Corporation with its principal place of business in Hartford, Connecticut. (Ex. B, Entity information.) For purposes of determining diversity jurisdiction, a corporation is a citizen of two states: (1) its state of incorporation; and (2) the state of its principal place of business. *Freeman*, 870 F. Supp. at 172. Accordingly, UnitedHealthcare, Inc. is a Connecticut citizen for purposes of diversity jurisdiction.

12. Therefore, complete diversity exists because Plaintiff is a citizen of Michigan, whereas Defendants are citizens of Connecticut, Minnesota, and Delaware.

13. Pursuant to L.R.81.1(a) and 28 U.S.C. § 1332(a), the amount in controversy also exceeds $75,000.00, exclusive of interest, costs, and attorneys' fees.

14. Plaintiff alleges Defendants owe Plaintiff $1,513,009.40 and seeks a judgment in that amount. (Ex. A, Compl. ¶ 109)

15. Thus, although Defendants deny the allegations in Plaintiff's Complaint, the amount in controversy exceeds the sum or value of $75,000.00. Therefore, pursuant to 28 U.S.C. § 1332(a), the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorneys' fees.

16. Venue is proper in this Court. The Macomb County Circuit Court is located in the Eastern District of Michigan, Southern Division. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 102(a)(1).

17. All Defendants, who are the only defendants in this action, consent to this removal, as required under 28 U.S.C. § 1446(b)(2).

18. In accordance with 28 U.S.C. § 1446(d), a Notice of Filing of Removal and a copy of this Notice of Removal will be promptly filed with the Wayne County Circuit Court. A copy of that Notice will be served upon Plaintiff.

19. Based upon the foregoing, Defendants are entitled to remove this action to this Court under 28 U.S.C. § 1441, et seq.

WHEREFORE, Defendants serve this Notice that this action has been removed to the United States District Court for the Eastern District of Michigan, Southern Division.

*Respectfully submitted,*

**DYKEMA GOSSETT PLLC**

By: /s/Robert Hugh Ellis
Robert Hugh Ellis (P72320)
**DYKEMA GOSSETT PLLC**
*Attorneys for Defendants*
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0718
rellis@dykema.com

Date: October 7, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, and a copy of same will be mailed to:

Robert Dinfdoffer
**THE HEALTH LAW PARTNERS, P.C.**
32000 Northwestern Hwy., Ste 240
Farmington Hills, MI 48334

in an envelope properly addressed, and by depositing said envelope in the United States Mail with postage thereon have been fully prepaid.

**DYKEMA GOSSETT PLLC**

By: /s/Robert Hugh Ellis
Robert Hugh Ellis (P72320)
**DYKEMA GOSSETT PLLC**
*Attorneys for Defendants*
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0718
rellis@dykema.com